OFFUTT (CUNNINGHAM v.). See Case No. 3,484.

## Case No. 10,449.

### OFFUTT v. HALL.

[1 Cranch. C. C. 504.] 1

Circuit Court, District of Columbia. July Term, 1808.

BILLS AND NOTES—BLANK INDORSEMENT—ENGAGEMENT TO PAY IN CASE OF INSOLVENCY OF MAKER—WHAT IS INSOLVENCY—AVERMENT OF CONSIDERATION.

1. If a person who is not party to a promissory note. indorses his name upon it in blank, with intent to give it credit. the plaintiff may write over it an engagement to pay it in case of the insolvency of the maker.
[Cited in McComber v. Clarke, Case No. 8,-711.]

2. Ability to pay part of his debts, is not evidence of a debtor's insolvency.

3. Such indorser may insist on the usual demand and notice.
[Cited in McComber v. Clarke, Case No. 8,-711.]

4. A count upon a promise to pay the debt of another in a .certain event, must aver a consideration.

5. An averment that the defendant put his name on the back of a note with intent to give it a credit, and to induce the plaintiff to accept the same. and that the note so indorsed. was delivered to the plaintiff for a full and valuable consideration. is a sufficient averment of a consideration for the promise.

6. Insolvency of the maker. in Virginia, dispenses with suit and demand and notice.

Assumpsit on a note for $625.95. drawn by Henderson & Company, payable to the plaintiff or order, and the name of the defendant written on the back of it. The plaintiff's attorney had filled up the blank indorsement, in this manner, viz: "In case the within Alexander Henderson & Company, should fail to pay the within-mentioned sum when it becomes due, and should then be insolvent, I then promise to pay the same to the within-mentioned Rezin Offutt. William James Hall."

Mr. Swann, for plaintiff, contended that if he satisfied the jury that the note was indorsed by Hall to give a credit to Henderson & Company with the plaintiff for the amount of the note. then he had a right to fill up the indorsement as he had done, and to recover in this action. Russel v. Langstaffe. Doug. 514; Chit. Bills. 117; Jordan v. Neilson, 2 Wash. [Va.] 164.

E. J. Lee, contra. The plaintiff had no right to fill it up. If anybody had, it was Henderson & Company, for whose benefit it was indorsed. But no one had a right to fill it up. No principle of the common law justifies it. Russel v. Langstaffe was upon the custom of merchants; but this note is not within that custom. In Jordan v. Neilson. there was a written authority to fill the blank. If it is any thing. it is an agreement to pay the debt of another, and the whole agreement ought to be in writing, according to the statute of frauds. It was no promise until it was filled up. No consideration is stated in the indorsement; the consideration forms a part of the agreement. Wain v. Warlters, 5 East. 10.

CRANCH, Chief Judge. Is the word "promise" in the English statute? The words used in the act of assembly are. "promise or agreement."

E. J. Lee. There must be a good and valuable consideration moving from the plaintiff to the defendant. There must be a benefit to the defendant. or the plaintiff must have parted with some right or property on the credit of the defendant. 2 Bl. Comm. 445; 1 Fonbl. 331. 332; Rann v. Hughes. 7 Term R. 350, note.

Evidence was offered by the plaintiff to prove that upon bargaining with Henderson & Company for his tobacco, they offered him

---

1 [Reported by Hon. William Cranch. Chief Judge.]

their note, payable to himself, without an indorser; that he refused to accept it; when they brought the note again with the defendant's name indorsed upon it.

THE COURT instructed the jury, that if they should be satisfied by the evidence that the note was indorsed by the defendant under the circumstances stated, and for the purpose of giving a credit to Henderson & Company, and to induce the plaintiff to sell his tobacco to Henderson & Company, the defendant is liable to the plaintiff upon such indorsement; but that it was necessary for the plaintiff to prove that the payment of the note was demanded from Henderson & Company, when due, and that reasonable notice of non-payment was given to the defendant.

E. J. Lee then prayed, but THE COURT refused to instruct the jury that if, when the note became due, viz., 18th January, 1804, Henderson & Company had property sufficient to pay this note, and did pay debts to the amount of $14,375.95, and continued to pay their debts until the month of March, 1804, the plaintiff cannot sustain this action.

Bill of exceptions taken by the defendant.

On prayer of Mr. Lee, THE COURT instructed the jury that if they should be satisfied by the evidence that the note would have been paid by Henderson & Company, if it had been regularly demanded, and that it was not so demanded, they ought to find for the defendant.

The jury could not agree. But there was a verdict for the plaintiff at November term, 1808, on the three first counts, and for the defendant on the fourth count [case unreported], and the defendant moved in arrest of judgment [Id. 10,450].